**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1557**

_____

MELESIO GONZALEZ BENITEZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

_____

On Petition for Review of An Order of the Board of Immigration Appeals.

_____

Submitted:  December 23, 2025                    Decided:  December 30, 2025

_____

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Lisa Shea, IMMIGRANTS FIRST, PLLC, Manassas, Virginia, for Petitioner.  Brett A. Shumate, Assistant Attorney General, John S. Hogan, Assistant Director, Matthew A. Spurlock, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melesio Gonzalez-Benitez, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the immigration judge's decision denying Gonzalez-Benitez's (Board) applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities. We conclude that the record evidence does not compel a ruling contrary to any of the operative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's pivotal ruling, affirmed by the Board, that Gonzalez-Benitez failed to prove the requisite nexus between his asserted particularized social groups—Mexican men who refuse to join drug cartels; Mexican men with family targeted by cartels; family members of victims of drug cartels—and the asserted past persecution or the feared future persecution. *See Madrid-Montoya v. Garland*, 52 F.4th 175, 179 (4th Cir. 2022) (explaining that the agency's nexus ruling is a factual question subject to substantial evidence review).

Regarding the denial of Gonzalez-Benitez's application for CAT relief, we have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see Nasrallah v. Barr*, 590 U.S. 573, 584 (2020). Gonzalez-Benitez asks us to reweigh the country reports and the Board's

2

predictive findings as to the likelihood of future torture that Benitez would face, which this court will not do. *See Tang v. Lynch*, 840 F.3d 176, 180 (4th Cir. 2016).

Accordingly, we deny the petition for review. *See In re Gonzalez-Benitez* (B.I.A. Apr. 17, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*